RUSSELL, Judge
(concurring).
I adopt the facts and law set out in the main opinion. The following additional facts are also important to my decision.
S, the appellant’s stepdaughter, was interviewed by a social worker regarding allegations of sex abuse involving her. During the course of the videotaped interview, which focused primarily on details concerning sexual abuse by the appellant toward her, S also briefly described an incident she had witnessed where the appellant placed his penis in T’s mouth. At trial, S recanted all of her damning statements. The military judge admitted the entire videotape as residual hearsay under Mil.R.Evid. 803(24).
I concur that T’s hearsay statement was not admissible under the medical exception, Mil.R.Evid. 803(4). Considering the totality of the evidence in a manner that gives due deference to the discretion of the military judge, it seems clear that T had not suffered a recent injury and was not urgently seeking a diagnosis or treatment for a medical problem. The reported incident of abuse occurred over two years before. There is no indication that T was suffering from residual harmful effects at the time the statement was made. Moreover, she indicated that she did not fear future bad conduct, because her mother had taken steps to prevent it. Therefore, the degree of personal urgency that breeds inherent reliability in medical cases was not present here.
I also agree with my brethren that T’s statement should not have been admitted into evidence under Mil.R.Evid. 803(24). T’s exposure to the puppet show and to intrafamily squabbling over prior similar allegations of sexual abuse fairly placed the origin of her statement in a circumstance that was pregnant with potential for undue suggestiveness. The government did not carry its burden to dispel that strong potential with exacting evidence. That failure substantially undermined the reliability to be deduced from the “spontaneity” in T’s statement. Therefore, I doubt that T’s statement proceeded solely from a natural feeling or native tendency unfettered by any external constraint.
In reaching my conclusion on residual hearsay, I considered other independent indicia of trustworthiness present here that might arguably satisfy the requirements of Mil.R.Evid. 803(24) in another ease: (1) T had no motive to lie; (2) T’s terminology was childishly naive, without any sign of coaching or other undue influence; (3) T’s declaration was a statement against a strong personal interest — it accused her father, with whom she lived and apparently enjoyed a natural bond of love and affection, of very nasty conduct; (4) the statement was made outside the home, to a disinterested care provider, in a safe and neutral environment free from influence of implicated family members; (5) the deviant adult sexual conduct described by T is far beyond the level of such knowledge expected for a child of her age; (6) T’s tender age suggests innocence, but not the guile, wild imagination or fantasy known to affect the reliability of pubescent teenagers; (7) there is virtually no likelihood of it being an unreliable identification, as the perpetrator was well-known to T; and (8) T’s contemporaneous utterance regarding abuse by the babysitter is incontrovertibly true, indicating that she was motivated to tell the truth when she made the statement about her father. However, the impact of these circumstances is not enough to overcome my concern about the potential effect on reliability of the puppet show and prior discussions at home about these old allegations.
I write to point out that I would reach the same result as my brethren whether or not T’s statement was admissible as residual hearsay. The only evidence supporting appellant’s conviction in this ease is the brief hearsay statements of T and S. Either statement, if admissible at all, must meet muster under the residual hearsay exception. Mil.R.Evid. 803(24). Hearsay cannot be admitted as residual hearsay unless the court determines that it is “more probative on the *839 point for which it is offered than any other evidence which the proponent can procure through reasonable efforts”. Mil.R.Evid. 803(24) (emphasis added). I construe the rule to mean that only one piece of residual hearsay is allowed by a proponent to establish a particular point. In other words, the probity prong of Mil.R.Evid. 803(24) precludes the government from obtaining a conviction by bootstrapping together two independent pieces of residual hearsay to establish the same point. Accordingly, the military judge abused his discretion when he failed to contrast the probity of T’s and S’s hearsay statement and then ruled that both were admissible as residual hearsay. His discretion under Mil.R.Evid. 803(24) was limited to admitting only the hearsay that he found to be most probative of the point that the appellant sodomized T. Given the absence of any other evidence to support the conviction, that error produced palpable prejudice that substantially affected the reliability of the findings.